UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>  vs.<br><br>KURTIS CAMRON BISHOP,<br><br>                Defendant. | No. 16-CR-006-JLQ<br><br>MEMORANDUM OPINION RE: SENTENCING |

The sentencing hearing was held on September 15, 2017. Defendant was present, in custody, and represented by Assistant Federal Public Defender John Stephen Roberts. Assistant United States Attorney Earl Hicks appeared for the Government. This Opinion memorializes and supplements the court's oral rulings.

**I. Introduction and Background**

Defendant pled guilty pursuant to a Plea Agreement, on July 7, 2017, to the Indictment charging him with being a Felon in Possession of Firearm on or about October 8, 2015. The date of the federal offense conduct was October 8, 2015, but this matter was delayed while state charges proceeded. It appears from the Presentence Investigation Report ("PSR") that on January 3, 2017, Defendant received an 87-month state of Washington court sentence on a First Degree Burglary-Assault charge for conduct occurring on August 30, 2015. (ECF No. 36, ¶ 113). On March 28, 2017, Defendant

ORDER - 1

received another state of Washington court concurrent sentence of 59-months for conduct occurring on October 8, 2015, related to the offense in this case.(Id. at ¶ 118).

## II. Discussion

The PSR calculated an offense level of 12, a criminal history category VI, and a Guideline Range of 30 to 37 months. The Government filed no objections to the PSR and its Notice of Review (ECF No. 34) stated it agrees with the Guideline calculations. The Government, in accord with the Plea Agreement, recommends a sentence of 30-months.

Defendant filed objections to the PSR. Those objections were resolved in the Addendum to the PSR and at the sentencing hearing. Those changes did not alter the Guideline range. The parties jointly recommend a sentence of 30-months to be served <u>concurrently</u> with the state sentences Defendant is serving. Defendant has provided information to the court his estimated release date on the state charges is December, 2020. A 30-month concurrent sentence would result in Defendant serving no additional jail time on the federal charge.

Defendant is 30-years old, and his criminal history is extensive. The Defendant has 30 Criminal History points. A total of 13 and above Criminal History points places a defendant in the highest Criminal History category of VI. The following summary does not attempt to list all of his numerous prior offenses. It begins at age 19 with a conviction for hit and run. (PSR at ¶ 38). At age 21, another conviction for hit and run and reckless endangerment. (Id. at ¶ 48). He has other less serious driving offenses – driving while license suspended. At age 24 he had four convictions for violation of an Order of Protection. (Id. at ¶¶ 57, 61, 80 & 84). Defendant also has a Second Degree Theft/Possession of Stolen Vehicle conviction, and when officers tried to apprehend him, he fled on foot. (*Id*. ¶¶ 72-75).

At age 25, Defendant was convicted of attempt to elude and possession of marijuana, when he drove in a reckless manner attempting to evade law enforcement. (Id. at ¶ 88). At age 26, he was convicted of possession of methamphetamine. (Id. at ¶ 99).

ORDER - 2

He also has additional theft, vehicle prowling, and driving offenses. On August 30, 2015, he committed the burglary offense when he was in the victim's garage and he sprayed the victim with a can of Raid. (PSR ¶ 116). It was for this offense he was being sought when he was found by law enforcement on October 8, 2015, with a loaded firearm, which led to the instant charge. For the August 2015 burglary, and theft and other charges, including resisting arrest, occurring on October 8, 2015, Bishop received a total sentence of 87 months.

Given Defendant's extensive criminal history, the court could reasonably conclude an above Guideline Range sentence is warranted. However, the Government has recommended a lower sentence. The court has considered all the § 3553(a) factors, and considered Defendant has received substantial state court sentences. The court does not agree with the recommendation of the parties that the federal sentence run entirely concurred with the state court sentences. Under 18 U.S.C. § 3584, the court has discretion as to whether to impose concurrent or consecutive sentences: "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). The statute further provides: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Id.

### III. Conclusion

The court has considered all of the § 3553(a) factors. The court does not find the purposes of § 3553(a)(2) would be fully served by the parties' joint recommendation for a 30-month concurrent sentence. The sentence imposed must reflect the seriousness of the offense and provide appropriate punishment for the violation of federal law. The court further finds the deterrence interest would not be served by a fully concurrent sentence. The court concludes a sentence of 30-months, with 15-months concurrent with the state court sentences, and 15-months consecutive, to be followed by a three-year term of supervised release, is sufficient but not greater than necessary.

ORDER - 3

**IT IS HEREBY ORDERED:**

Judgment shall be entered in accord with the court's oral pronouncement of sentence and this Order.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel and the United States Probation Office.

Dated this 18th day of September, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4